UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60344-CR-MARRA

UNITED STATES OF AMERICA

vs.

ANTHONY HASAN, M.D.,

    Defendant.
_____/

**PLEA AGREEMENT**

    The United States of America and Anthony Hasan, M.D., (hereinafter referred to as the defendant"), enter into the following agreement:

    1.    The defendant agrees to plead guilty to Count 1 of the indictment which count charges the defendant with conspiracy to (a) commit wire fraud, in violation of Title 18, United States Code, Section 1343; (b) commit mail fraud, in violation of Title 18, United States Code, Section 1341; (c) introduce and cause to be introduced and delivered for introduction into interstate commerce, a misbranded drug, in violation of Title 21 United States Code, Section 331(a) and 333(a)(2); and (d) dispense and cause to be dispensed a prescription drug, in violation of Title 21, United States Code, Sections 331(k), 353(b)(1) and 333(a)(2); all in violation of Title 18, United States Code, Section 371.

2. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that as to Count 1, the court may impose a statutory maximum term of imprisonment of up to five (5) years, followed by a term of supervised release of up to three (3) years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000, and may order restitution.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph three of this agreement, a special assessment in the amount of $100.00 will

2

be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. However, the United States will not be required to make this sentencing recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

6. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's

background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The defendant is aware that the sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph three (3) above, that the defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

8. The United States and the defendant agree that although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed:

   a. That the defendant's base offense level shall be 6, pursuant to Section 2B1.1;

   b. That the defendant's base level offense shall be increased by 8 levels, based on a loss of between $70,000 and $120,000, pursuant to Section 2B1.1(b)(1)(D);

   c. That no other enhancements apply; and

   d. That the defendant should be sentenced at the low end of the advisory guideline

as that range is determined by the court.

9. The defendant agrees to pay restitution in the amount of $76,605.

10. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

11. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations or understandings unless

contained in a letter from the United States Attorney's Office executed by all parties and counsel prior to the change of plea.

                              Respectfully submitted,

                              WIFREDO A. FERRER
                              UNITED STATES ATTORNEY

Date: 9/24/10                    By: _____
                                       JENNIFER A. KEENE
                                       ASSISTANT UNITED STATES ATTORNEY

Date: 8/25/10                    By: _____
                                       ANTHONY HASAN, M.D.
                                       DEFENDANT

Date: 8/25/10                    By: _____
                                       KEITH SELTZER
                                       DEFENSE COUNSEL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60344-CR-MARRA

UNITED STATES OF AMERICA

vs.

ANTHONY HASAN, M.D.,

    Defendant.
_____/

## FACTUAL PROFFER SUPPORTING CHANGE OF PLEA

Defendant Anthony Hasan, M.D., (hereinafter referred to as the "defendant"), his counsel, and the United States agree that, had this case proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt, and that the following facts are true and correct and are sufficient to support a plea of guilty:

Codefendant Felix Alvarez was the owner of Vitality Medical Center, Inc., ("Vitality") located at 800 E. Cypress Creek Road, Suite 204, Ft. Lauderdale, Broward County, Florida. Codefendants Edert Ortiz and David Kenton, M.D., were employed at Vitality.

From October 2003 through October 31, 2005, defendant Anthony Hasan, M.D., was employed as the medical director of Vitality and also reviewed patients' charts at Vitality on a part-time basis. Codefendants Felix Alvarez, Edert Ortiz, and Vitality promoted and sold the product "Sublingual Sildenafil Citrate" which was also sold under the names "Instant Viagra," "Fast Acting

Viagra® Soft Tabs," "Sildenafil Citrate Soft Tabs" and "Pleasure Tabs®" (collectively referred to as "Soft Tabs"), to mitigate, treat, or cure erectile dysfunction ("ED"), premature ejaculation, penile curvature, and cause thicker and longer erections. As such, the Soft Tabs were "drugs" within the meaning of the FDCA.

Defendant Dr. Hasan and the codefendants conspired to dispense the Soft Tabs without a valid prescription and without the required review by a medical doctor of the customer's medical history. Customers who purchased the Soft Tabs were led to believe that their medical history would be reviewed by a licensed medical doctor at Vitality prior to Vitality dispensing the Soft Tabs to them. Customers were also led to believe that they had been diagnosed with a condition for which the Soft Tabs were prescribed, when in truth and in fact, the customers were not diagnosed with a condition that necessitated the prescribing of the Soft Tabs. Some orders were sent to customers before the customers' medical histories were reviewed by a licensed medical doctor.

Dr. Hasan signed medical questionnaires located in customers/patients' files without thoroughly reviewing the information and without examining or speaking with the customers. On December 10, 2004, Dr. Hasan signed a medical questionnaire for the telephonic purchase of Soft Tabs by an individual with the initials "R.K."

The customers were charged $190 for the Soft Tabs and a $50 medical consulting fee even though they never spoke with or were examined by a doctor. Payment was made by credit card over the phone.

These events occurred in the Southern District of Florida.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 9/24/10     By: _____
                  JENNIFER A. KEENE
                  ASSISTANT UNITED STATES ATTORNEY

Date: 8/25/10     By: _____
                  ANTHONY HASAN, M.D.
                  DEFENDANT

Date: 8/25/10     By: _____
                  KEITH SELTZER
                  DEFENSE COUNSEL

3